UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-279-F

| | |
|---|---|
| DELMONT PROMOTIONS, LLC, a North Carolina limited liability company, and SEEKIN' ENTERTAINMENT LLC d/b/a B-ROSE PRODUCTIONS, a North Carolina limited liability company,<br><br>    Plaintiffs,<br><br>v.<br><br>MAURY & NI, INC., a Florida corporation, and ALGERNOD LANIER WASHINGTON a/k/a PLIES,<br>    Defendants. | **ORDER** |

This matter is before the court on the Motion for Default Judgment [DE-28] filed by Plaintiffs Delmont Promotions, LLC and Seekin' Entertainment LLC d/b/a B-Rose Productions (hereinafter collectively referred to as "Plaintiffs") against Defendants Maury & NI, Inc. and Algernod Lanier Washington a/k/a Plies ("Maury" or "Plies").

## I. BACKGROUND

Plaintiffs initiated this action by filing a Complaint [DE-1] in this court on July 13, 2010, alleging that Plies breached his contract to appear and perform at the RBC Center in Raleigh, North Carolina on November 8, 2008. *See* [DE-1], Compl., p. 3. Plaintiffs further allege that as a result of Plies' breach of contract, they have been damaged in amount "in no event less than Seventy Five Thousand Dollars and 00/100 ($75,000.00)." [DE-1], Compl., p. 4.

On December 14, 2010, the court issued a Notice [DE-5] to Plaintiffs for failure to make

service within 120 days as required under Rule 4(m) of the Federal Rules of Civil Procedure. On January 11, 2011, the court ordered Plaintiffs to show cause as to why this action should not be dismissed for failure to make service within 120 days. *See* [DE-8]. On January 20, 2011, Plaintiffs filed a Motion for Extension of Time [DE-11] to effect service requesting an additional twenty (20) days to serve Defendants. Upon consideration, the court allowed such request. *See* [DE-12].

On February 8, 2011, Plaintiffs submitted an Affidavit of Service [DE-17] stating that Plies had been served with the complaint and summons by certified mail. On the same date, Plaintiffs filed a second Motion for Extension of Time [DE-18] to effect service, this time requesting an additional ten (10) days in which to serve Maury. On February 25, 2011, Plaintiffs submitted an Affidavit of Service [DE-22] indicating that Maury had been served by way of substitute process by serving a copy of the complaint and summons to "KURT S. BROWNING at SECRETARY OF STATE, PO BOX 6327, TALLAHASSEE, FL 32314-6327" on February 18, 2011. On May 23, 2011, Plaintiffs filed the Motion for Entry of Default[1] [DE-27] and Motion for Default Judgment [DE-28]. The Clerk of Court, on June 9, 2011, entered an Order [DE-31] granting the entry of default against Plies and Maury.

## II. DISCUSSION

Plaintiffs' Motion for Default Judgment [DE-28] raises three issues for this court: (1) whether entry of default is appropriate under Rule 55 of the Federal Rules of Civil Procedure; (2) whether Plaintiffs have adequately stated his claims such that the court may enter default judgment thereon; and (3) to what relief is Plaintiffs entitled. In this case, outstanding questions surrounding

---

[1] Plaintiffs refiled the Motion for Entry of Default [DE-29] as the first filing only included duplicate proposed orders allowing the entry of default.

2

the first issue prevent the court from allowing Plaintiffs' Motion for Default Judgment [DE-28]. Specifically, Plaintiffs' filings regarding proof of service do not establish that this court has personal jurisdiction over Maury.

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306-07 (1998) (noting that "any judgment entered against a defendant over whom the court does not have personal jurisdiction is void"). Under Federal Rule of Civil Procedure 4(h), proper service upon an organizational defendant is effected by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or service is made, or by delivering a copy of the summons and of the complaint, to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. FED. R. CIV. P. 4(h)(1).

In the Affidavit of Service [DE-22] provided as to Maury, Plaintiffs indicate that substitute service of process was effected by serving, via certified mail, a copy of the summons and complaint on Florida's Secretary of State. However, Plaintiffs, in either the Motion for Default Judgment [DE-28] or in the Affidavit of Service [DE-22], fail to provide any explanation as to authority relied upon to effect such substitute service on Maury. Upon careful review of the docket, it appears that the only explanation provided as to use of substitute service is in the second Motion for Extension of Time [DE-18] to effect service, in which Plaintiffs claim that it attempted service of process on Maury via certified mail, but the registered address is no longer a valid one. Moreover, Plaintiffs claim that it will effect substitute service on Maury through Florida's Secretary of State pursuant to Fla. Stat. § 48.151(5). The court will now examine whether this statute provides sufficient

3

justification for substitute service of process.

Section 48.151(5) of the Florida Statutes provides that "the Secretary of State is the agent for service of process for any retailer, dealer or vendor who has failed to designate an agent for service of process as required under § 212.151 for violations of Chapter 212." Chapter 212 of the Florida Statutes is known as the Florida Revenue Act of 1949, which governs taxes on sales, use, and other transactions. Specifically, Section 212.151 details the jurisdiction of suits for violation of the Florida Revenue Act of 1949 and service on retailers, dealers or vendors not qualified to do business in the state of Florida for violations of Chapter 212. Section 212.151 provides:

> (1) All suits brought hereafter by the department against any retailer, dealer, or vendor for any violation of this chapter, and for the purpose of effecting collection of any tax due from any dealer, including garnishment proceedings regardless of the amount, shall be brought thereon in the circuit courts of this state having jurisdiction of the subject matter.
>
> (2) Every retailer, dealer or vendor not qualified to do business in this state shall designate with the department an agent for service within the state, for the purpose of enforcing this chapter. If a retailer, dealer or vendor has not designated, or shall fail to designate, with the department an agent for service within the state, then the Secretary of State shall be deemed the agent for service, or any agent or employee of the retailer, dealer or vendor within the state shall be deemed agent for service.

Fla. Stat. § 212.151. Upon consideration, the court is confused as to why Plaintiffs are seemingly relying on this statute to effect substitute service on Maury as there is no indication that this case is in any way related to any violation of Chapter 212 of the Florida Statute regarding taxes upon sales, use, and other transactions.

Florida law provides that process against any private corporations may be served:

(a) On the president or vice president, or other head of the corporation;

(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;

4

(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. § 48.081(1). Section 48.081(3)(a) further provides that:

> [a]s an alternative to all of the foregoing, process may be served on the agent designated by the corporation under §48.091. However, if service cannot be made on a registered agent because of failure to comply with §48.091, service of process shall be permitted on any employee at the corporation's principal place of business or any employee of the registered agent. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.

Moreover, Florida's substitute service statutes provide an exception to the general rule that a defendant must be personally served. Under Section 48.181 of the Florida Statutes, a plaintiff may serve Florida's Secretary of State on behalf of the defendant if the complaint alleges the jurisdictional basis for invoking the statute. *See Mecca Multimedia, Inc. v. Kurzbard*, 954 So.2d 1179, 1182 (Fla. 3rd DCA 2007). The jurisdictional requirements of § 48.181 are that the defendant conducts business in Florida and is either: (1) a nonresident; (2) a resident of Florida who subsequently became a nonresident, or (3) a resident of Florida concealing her whereabouts. *See* § 48.181. Again, these jurisdictional allegations are required in the complaint as a prerequisite to seeking the benefit of substitute service. *See Mecca Multimedia, Inc.*, 954 So.2d at 1182 (finding substitute service was not appropriate where complaint failed to allege facts showing defendant was concealing its whereabouts); *see also Alhussain v. Sylvia*, 712 So.2d 806, 807 (Fla. 4th DCA 1998) (holding that substitute service was improper where complaint alleged defendant was a Florida

5

resident but failed to allege or amend to allege that defendant had become a nonresident or was concealing his whereabouts).

Here, in the complaint, Plaintiffs seemingly, and notably inconsistently, allege that Maury is a Florida corporation and a limited liability company.[2] On the first page of the complaint, Plaintiffs indicate that Maury is a Florida corporation both in the heading and introductory paragraph. *See* [DE-1], Compl., p. 1. However, on the second page of the complaint, Plaintiffs claim that "upon information and belief, MAURY & NI, INC. is a limited liability company organized and existing under the laws of Florida with its principal office situated in Temple Terrace, Florida." *See* [DE-1], Compl., p. 2. Irrespective of whether Maury is indeed a Florida corporation or a limited liability company, it appears that substitute service cannot be effected as Plaintiffs have failed to properly allege the jurisdictional allegations in the complaint to allow for such service. Accordingly, it appears that substitute service on Florida's Secretary of State was improper under the applicable Florida statutes.

Therefore, Plaintiffs effected proper service as to Maury only if it complied with North Carolina law.[3] Under North Carolina law, Plaintiffs could effect proper service on Maury by:

> a. By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.

---

[2] In the instant Motion for Default Judgment [DE-28], Plaintiffs claim that Maury is a Florida Corporation.

[3] As noted earlier, under Rule 4(h) of the Federal Rules of Civil Procedure, proper service may be effected by delivering a copy of the summons and of the complaint, to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.

6

b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.

c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.

d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, delivery receipt includes an electronic or facsimile receipt.

N.C. R. Civ. P. 4(j)(6). Moreover, substitute service may be effected on North Carolina's Secretary of State if the foreign entity has failed to abide by the requirements under N.C. Gen. Stat. § 55D-30. *See* N.C. Gen. Stat. § 55D-33. However, again, Plaintiffs attempted to effect service of process for Maury by serving Florida's Secretary of State. As the court is unaware of any statute which would validate such service, it appears Plaintiffs' attempt to serve Maury via substitute service would be invalid under any applicable North Carolina law regarding substitute service of process.

It is Plaintiffs' burden to show proper service was effected upon Maury. Without proper service being established, this court cannot allow the Motion for Default Judgment [DE-28]. Moreover, because Plaintiffs seeks relief against Maury and Plies jointly and severally, and in the interest of not rendering inconsistent judgments, this court will not consider the Motion for Default Judgment [DE-28] separately as to Plies. *See, e.g., Frow v. De La Vega*, 82 U.S. (15 Wall.) 552, 554 (1872). Accordingly, Plaintiff's Motion for Default Judgment [DE-28] is DENIED without prejudice to renew, provided that Plaintiffs can demonstrate proper service upon Defendant Maury.

7

## III. CONCLUSION

Based on the aforementioned rationale, Plaintiffs' Motion for Default Judgment [DE-28] is **DENIED without prejudice.**

SO ORDERED.

This the 29 day of February, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge